# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | Case No. 1:18-cv-00951-EPG-HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED AS UNAUTHORIZED SUCCESSIVE PETITION |
| v. | |
| CALIFORNIA ATTORNEY GENERAL, | |
| Respondent. | |

Petitioner Gary Dale Barger is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 6, 2018, Petitioner filed a petition for writ of habeas corpus in the Northern District of California. (ECF No. 1). The matter was then transferred to this district. (ECF No. 4).

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts

establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his Kern County Superior Court conviction. (ECF No. 1). Upon review of the Court's dockets, it appears that Petitioner has previously sought federal habeas relief with respect to the same conviction multiple times.[1] See Barger v. Rackley, No. 1:14-cv-00946-LJO-MJS (dismissed as untimely); Barger v. Muellar, No. 1:16-cv-00412-LJO-SAB (dismissed as successive); Fisher v. Sacramento County Superior Courts, No. 1:17-cv-00650-LJO-MJS (dismissed as successive); Barger v. CDCR, No. 1:17-cv-01066-DAD-MJS (dismissed as successive).[2]

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file the instant petition. If Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

\\\

---

[1] In the instant petition, Petitioner states that he is challenging his conviction in Kern County Superior Court Case No. BF13**9**05A. (ECF No. 1 at 1). His other petitions challenge in his conviction in Kern County Superior Court Case No. BF13**47**05A.

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

1    Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE within **THIRTY**

2    **(30) days** of the date of service of this order why the petition should not be dismissed. In

3    Petitioner's response, Petitioner must tell the Court (1) whether he is challenging the same

4    conviction which was challenged previously in the cases set forth above, and if so, (2) whether

5    he has obtained authorization from the Ninth Circuit Court of Appeals to file the instant petition

6    for writ of habeas corpus.

7        Petitioner is forewarned that failure to follow this order will result in a recommendation

8    for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's

9    failure to prosecute or to comply with a court order may result in a dismissal of the action).

10

11   IT IS SO ORDERED.

12   Dated:   **July 16, 2018**                    /s/ Erica P. Grosjean

13                                              UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28