# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>    Petitioner,<br><br>    v.<br><br>CALIFORNIA ATTORNEY GENERAL,<br><br>    Respondent. | Case No. 1:18-cv-00951-EPG-HC<br><br>ORDER DENYING PETITIONER'S REQUEST FOR DOCUMENTS AND APPOINTMENT OF COUNSEL<br><br>(ECF No. 21) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 1, 2018, Petitioner filed the instant "Request for Documents Rule 34(b) and 26(c)," wherein Petitioner complains, "I have no way to get my legal work photocopied . . . so I know exactly what it is I'm working with." (ECF No. 21 at 1). First, the Court notes that Petitioner does not specify what documents he is requesting. Second, the Court previously granted Petitioner's request for documents and sent Petitioner copies of the petition and supplement to the petition. (ECF No. 16).

Petitioner also appears to seek appointment of counsel. (ECF No. 21 at 1). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at

1

any stage of the proceeding for financially eligible persons if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, it appears that the petition is successive, and the Court has referred Petitioner's application for authorization to file a second or successive petition to the United States Court of Appeals for the Ninth Circuit. (ECF No. 14). The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for documents and appointment of counsel (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: **November 5, 2018**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE