# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | Case No. 1:18-cv-00951-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CALIFORNIA ATTORNEY GENERAL, | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |
| Respondent. | |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the instant petition, Petitioner challenges his conviction in Kern County Superior Court. As Petitioner has sought federal habeas relief with respect to the challenged conviction numerous times previously, the undersigned recommends that the petition be dismissed pursuant to 28 U.S.C. § 2244(b) as an unauthorized successive petition.

**I.**

**BACKGROUND**

On July 6, 2018, Petitioner filed a petition for writ of habeas corpus in the Northern District of California. (ECF No. 1). The matter was then transferred to this district. (ECF No. 4). On July 16, 2018, the undersigned ordered Petitioner to show cause why the petition should not be dismissed as an unauthorized successive petition. (ECF No. 9). In response, Petitioner filed a request "to obtain leave from the 9th Circuit a[s] this case seems to be a successive petition."

1

(ECF No. 13). The Court construed Petitioner's request as an application to file a second or successive petition and referred the application to the United States Court of Appeals for the Ninth Circuit. (ECF No. 14). On February 22, 2019, the Ninth Circuit denied the application to file a success petition. Barger v. California Attorney General Office, No. 18-72331 (9th Cir. Feb. 22, 2019).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

///

| | |
|---|---|
| 1 | In the instant petition, Petitioner challenges his Kern County Superior Court conviction. |
| 2 | (ECF No. 1). Upon review of the Court's dockets, it appears that Petitioner has previously sought |
| 3 | federal habeas relief with respect to the same conviction multiple times.[1] See Barger v. Rackley, |
| 4 | No. 1:14-cv-00946-LJO-MJS (dismissed as untimely); Barger v. Muellar, No. 1:16-cv-00412- |
| 5 | LJO-SAB (dismissed as successive); Fisher v. Sacramento County Superior Courts, No. 1:17-cv- |
| 6 | 00650-LJO-MJS (dismissed as successive); Barger v. CDCR, No. 1:17-cv-01066-DAD-MJS |
| 7 | (dismissed as successive).[2] |
| 8 | As set forth above, the Ninth Circuit denied Petitioner's application to file a successive |
| 9 | petition. If Petitioner has not obtained prior leave from the Ninth Circuit to file this successive |
| 10 | petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief |
| 11 | under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.[3] |

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as an unauthorized successive petition. Further, the Court DIRECTS the Clerk of Court to assign a District Judge to this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

---

[1] Although Petitioner states in the instant petition that he is challenging his conviction in Kern County Superior Court Case No. BF13**9**05A, (ECF No. 1 at 1), and his other petitions challenge in his conviction in Kern County Superior Court Case No. BF13**47**05A, it appears that the petitions all challenge the same conviction.
[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
[3] The Court also notes that mail sent to Petitioner was returned as undeliverable on January 2, 2019. It is Petitioner's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). If mail directed to a *pro se* petitioner is returned by the U.S. Postal Service, and if the petitioner fails to notify the court within sixty-three days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute. Local Rule 183(b).

3

United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 13, 2019**　　　　　　　/s/ *Erin P. Groj*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE